THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. LEÓN CRUZ RÍOS, Defendant and Appellant.

No. 9489. Argued July 15, 1942.—Decided July 21, 1942.

*Luis Antonio Rosario* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was sentenced to six months in jail for the offense of aggravated assault and battery. The aggravating circumstances, according to the complaint, consist in that the accused is an adult male and the injured person a female, and that the assault was committed with premeditated design and by the use of means calculated to inflict great bodily injury. After the evidence was introduced and before the judgment was rendered, the accused asked the court to reduce the charge to assault and battery, and argued that the aggravating circumstances alleged had not been proved, since from the very evidence for the prosecution it appeared that the accused was only 18 years of age, and there was no evidence tending to show a premeditated design to cause serious bodily injury. The court denied the motion on the ground that, although the accused was not an adult male, it appeared from the evidence that "the accused battered the victim inflicting serious bodily harm." The defendant took an exception and incorporated this objection in an assignment of error.

The evidence was conflicting. That for the prosecution tended to show that on the day of the occurrence, at about midnight, the injured party, who is the mother of the accused, was carrying water from the kitchen of her house to the living room, for domestic use on the following day, when the defendant irritated by the noise which the victim was making at that hour, a noise which disturbed his sleep, took the pail away from her and struck her on the head with it, inflicting a wound which let out considerable blood and was of such a character as to require her being confined in a hospital for several days until cured.

The evidence for the defense tended to show that the injured person was addicted to the use of intoxicating liquors; that on that night she arrived from Aguadilla, intoxicated, and when she tried to get some water from the kitchen to carry it to the living room of the house, as the floor was wet, she slipped and fell, causing herself the wound, without it being determined whether the wound was caused when she fell on the pail or on the edge of a beam in the kitchen. From the testimony of the victim, the only one who testified on that point, it appeared that the defendant was only 18 years of age at the time of the offense.

A premeditated design to cause bodily injury was not expressly proved; but since the law presumes that a person is responsible for the natural consequences of his own acts, and if one keeps in mind that the object used by the defendant to commit the assault was capable of inflicting serious bodily injury, especially if the wound is on the head, it can be readily concluded that by said acts the premeditated design to cause serious bodily injury was tacitly or impliedly proved.

Although the court, in denying defendant's motion, based its ruling on the existence of an aggravating circumstance which had not been alleged, and consequently erred in that respect, such error, however, will not cause a reversal of the judgment, which remains unaffected, since it can be supported by the aggravating circumstance to which we have referred, namely, that the defendant committed the assault with the premeditated design to cause great bodily injury.

For the reasons stated the appeal must be dismissed and the judgment appealed from affirmed.